# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| GERALD JOHANNES<br><br>            Plaintiff,<br><br>  v.<br><br>JIM HERNANDEZ, *et al.*,<br><br>            Defendants. | CV 04-00028 TJH<br><br>Order<br>and<br>Judgment |

      The Court previously considered Defendants' motion for summary judgment and Plaintiff's motion for summary judgment or, alternatively, to stay proceedings pending the outcome of the *Hydrick v. Wilson* class action suit, together with the moving and opposing papers. The Court granted Defendants' motion and denied Plaintiff's motion. Plaintiff appealed and the Ninth Circuit vacated and remanded

because this Court did not issue a detailed opinion explaining the basis for its decisions on the summary judgment motions. This Court's decision was based on the following:

Johannes's claim for injunctive relief is moot because there is no reasonable expectation that the wrong will be repeated. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S. Ct. 894, 897, 97 L. Ed. 1303, 1309 (1953). The purpose of an injunction is to prevent future wrongdoing and there must be some cognizable danger of recurrent violations. *W.T. Grant Co.*, 345 U.S. at 633, 73 S. Ct. at 898, 97 L. Ed. at 1309. Once Johannes was released from Atascadero State Hospital ("ASH") there was no longer any possible expectation of potential recurrent violations. Once an inmate has been transferred away from a facility where injunctive relief based on facility policy is pending, that claim is moot unless it is a class action, which this case is not. *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). Likewise, declaratory relief is moot because there is no live dispute or substantial ongoing controversy between the parties. *Powell v. McCormack*, 395 U.S. 486, 518, 89 S. Ct. 1944, 1962, 23 L. Ed. 2d 491, 515 (1969).

The issue that remains, then, is whether Defendants are entitled to qualified immunity. The threshold question in determining whether a government official is entitled to qualified immunity is whether the facts, taken in the light most favorable to the injured party, show that the official's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272, 281 (2001). If a constitutional violation could be made out, then the second inquiry is whether that right was "clearly established," meaning that a reasonable official would know his conduct was unlawful. *Saucier*, 533 U.S. at 201-2, 121 S. Ct. at 2156, 150 L. Ed. 2d at 281-82.

In this case, Johannes was placed in restraints after refusing to return to his

unit multiple times. After being escorted back to his unit, he was immediately evaluated with no medical injuries identified. In construing the facts in a light most favorable to Johannes, it is possible that there was a constitutional violation – namely, excessive force through the use of unlawful restraints.

Next, there must be a determination of whether Johannes's constitutional rights were clearly established. Johannes alleges that his rights to be free from the excessive use of force and unlawful restraints under the Fourth and Fourteenth Amendments were further enumerated through state-created liberty interests in Cal. Welf. & Inst. Code § 5325.1, 22 Cal. Code Regs. § 71545, 9 Cal. Code Regs. § 883(b)(5) and ASH Administrative Directives 518 and 602. These additional liberty interests would include the right not to have restraints used as punishment and the obligation to only use restraint in response to imminent danger when other options are not available.

To conclude that a prison inmate's state-created liberty interest had been violated, there must be an "atypical and significant hardship" in relation to the ordinary incidents of prison life imposed on the inmate. *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418, 430 (1995). Even when viewing all the facts in a light most favorable to Johannes, Hernandez's actions by placing him in restraints did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Johannes argues that the *Sandin* standard should not apply to him because he was not a prisoner at the time the incident took place. Rather, Johannes claims that his status as a pre-civil commitment detainee under California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 - 6609.3, is more similar to that of a pre-trial detainee, which would be governed by a different standard.

The Ninth Circuit has made some general observations about the

circumstances of civilly committed sexually violent predators, including that the rights afforded prisoners sets a floor for those rights that must be afforded to civilly committed sexually violent predators. *Hydrick v. Hunter*, 466 F.3d 676, 691 (9th Cir. 2006). The Ninth Circuit, also, noted that the general body of law for civilly committed individuals should apply to civilly committed sexually violent predators, but in some instances the circumstances of detention and safety considerations must be taken into account so that not all rights are necessarily coextensive with those of other civilly committed persons. *Hydrick*, 466 F.3d at 691.

While Johannes makes a good argument for the use of the pre-trial detainee standard, ultimately the law governing that distinction could not be termed as clearly established. *Sandin*, therefore, provides the base guideline to use for civilly committed sexually violent predators. Due to Johannes's status as a pre-civil commitment detainee and the fact that there is some uncertainty in the law about the standard to apply in this case, it cannot be determined that Hernandez's actions were a violation of a clearly established constitutional right. It would be unreasonable to expect Hernandez to know his conduct could potentially violate an unclear legal standard. Hence, Hernandez and French are entitled to qualified immunity for their actions.

Therefore,

It is Ordered that Defendants' motion for summary judgment be, and hereby is, Granted.

It is further Ordered that Plaintiff's motion for summary judgment or, alternatively, to stay be, and hereby is, Denied.

It is further Ordered, Adjudged and Decreed that judgment be, and hereby is, Entered in favor of Defendants and against Plaintiff.

It is further Ordered, Adjudged and Decreed that Plaintiff shall take

1 | nothing.
2 |      It is further Ordered, Adjudged and Decreed that each party shall bear his
3 | own costs.
4 |
5 | Date:   July 28, 2009
6 | _____
7 | Terry J. Hatter, Jr.
    Senior United States District Judge